OPINION OF THE COURT
Stanley L. Sklar, J.
The question presented is whether the judgment in a foreclosure proceeding instituted by the holder of the first mortgage may include a provision for payment, from the sale, to *914 the separately foreclosing holder of a second mortgage, even though there is a third mortgage on the premises.
Liberty View Limited Partnership, the holder of the first mortgage on premises in Manhattan, instituted this proceeding to foreclose upon that mortgage. R.H.Z. Realty Partners, the holder of the second mortgage (a wraparound mortgage) on the premises, instituted a separate foreclosure proceeding (index No. 5416/90). Both have secured summary judgment. The same Referee was appointed in both proceedings. Both have moved, by applications returnable on the same day, to confirm the Referee’s report, and both have submitted proposed judgments. All appropriate parties have been served with copies of the proposed judgments.
Liberty View’s proposed judgment contains a fifth decretal paragraph which directs payment of R.H.Z.’s second mortgage, if sufficient proceeds are available, without relegating R.H.Z. to surplus money proceedings.
Paragraph fifth is grounded upon RPAPL 1354 (3) which grants authority to the officer conducting the sale, if the judgment so provides, to "pay to the holder of any subordinate mortgage * * * the amount then due upon such subordinate mortgage”. The plaintiffs, however, were concerned with RPAPL 1351 (3) which states: "If it appears to the satisfaction of the court that there exists no more than one other mortgage on the premisis [sic] which is then due and which is subordinate to only the plaintiffs mortgage but is entitled to priority over all other liens and encumbrances except those described in subdivision 2 of section 1354, upon motion of the holder of such mortgage made without valid objection of any other party, the final judgment may direct payment of the subordinate mortgage debt from the proceeds in accordance with subdivision 3 of section 1354.”
The plaintiffs have left to the court the question of whether, because there is a third mortgage on the premises, paragraph fifth may be included in the judgment, or is proscribed by section 1351 (3). The court concludes that under the unusual circumstances of this case, paragraph fifth is includable, and I have simultaneously herewith signed the judgment.
Counsel have not found any decision interpreting these statutory provisions. Nor has the court.
Both sections were enacted simultaneously. The Bill Jacket (L 1982, ch 364) contains a letter dated June 9, 1982, from the Assembly cosponsor of the legislation. The letter to the Governor’s counsel states that the bill
*915 "authorizes the payment of surplus monies from a mortgage foreclosure action, directly to a subordinate mortgagee who is entitled to priority over other liens and encumbrances, without the necessity of a surplus monies proceeding.
"This simplified procedure would only require the holder of the subordinate mortgage and priority lien to make a motion to the Court for payment. The final judgment may then provide for direct payment of the subordinate mortgage indebtedness, if no valid objection is made by any party. The Referee in the foreclosure action may then pay the monies due the subordinate mortgagee directly from the proceeds of the public sale, pursuant to the Court judgment. This procedure would streamline the otherwise cumbersome surplus monies proceedings which must now be conducted postforeclosure, in those cases where the subordinate mortgagee is the priority lien holder.”
The original memorandum in support of the bill states that it
"[p]ermits final judgment in a mortgage foreclosure sale to provide for payment to a second mortgagee who is entitled to priority over all other liens and encumbrances. The holder of the second mortgage must make a motion for this payment and the final judgment may provide for payment if there is no valid objection by any other party.
"Section 1354 (3) allows the officer conducting the sale to pay remaining proceeds up to the amount due on the subordinate mortgage after deduction of certain expenses.”
First, this history makes clear that the Legislature intended that the second mortgage could be paid without the delay and expense involved in surplus money proceedings.
Second, these cases provide a unique circumstance different from merely making a motion in the Liberty View foreclosure. Here R.H.Z., which is second in priority only to Liberty View, has instituted its own foreclosure proceeding and, in the ordinary course, is now settling, upon notice, its judgment which provides for payment to it. As a plaintiff, R.H.Z. comes within the literal terms of RPAPL 1351 (3). Since R.H.Z. is a plaintiff, the holder of the third mortgage, under these circum *916 stances, presumably could have moved in the R.H.Z. foreclosure for payment to it.
Third, no objection has been made by anyone.
Accordingly, under the special circumstance of the separate foreclosure which has ripened to judgment, paragraph fifth is appropriate.